J-S32019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
SOLOMON MALIK   :
  :
Appellant   :   No. 1894 EDA 2023

Appeal from the Judgment of Sentence Entered June 22, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000900-2022

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:      **FILED DECEMBER 4, 2024**

Appellant, Solomon Malik, appeals from his judgment of sentence of four to eight years' imprisonment for burglary, theft of movable property by unlawful taking, receiving stolen property, and carrying firearms in public in Philadelphia. Appellant argues that the evidence was insufficient to sustain his convictions. We affirm.

The evidence adduced during Appellant's non-jury trial, as provided by the trial court, was as follows.

> On October 15, 2021 around 11:40 AM, while driving the Route 53 Septa bus in Philadelphia, Joseph Farris received numerous alerts on his cell phone indicating something had triggered his home security system. The live camera footage revealed a masked intruder inside Farris' home. Farris, immediately called the authorities and went home. Upon arrival, Harris noticed that the intruder had forced the rear kitchen door open. He found that his and his daughter's bedrooms had been ransacked. The intruder also went into Farris' bedroom closet, broke into his gun cabinet, and stole 21 firearms, using a laundry bag to carry them away. (N.T.,

11/1/2022, pp. 12-28; Commonwealth Exhibits C-1 and C-2).

Farris went to work sometime around 10:00 a.m., and his girlfriend with whom he lived went to work around 10:30 a.m. Neither Farris nor his girlfriend had given anyone permission to enter their home on the day in question. (N.T., 11/1/2022, p. 33).

Farris positively identified the masked individual as appellant. Farris testified that he has known appellant for the majority of his life, that he is close with appellant's family, and that appellant had been to his house many times before this incident. Farris further stated that appellant frequently wore the same clothing and that he recognized appellant's clothing (dark gray jacket and hat) and glasses when he saw the surveillance footage. (N.T., 11/1/2022, pp. 16-18, 24-26, 31).

Trial Court Opinion, 12/19/23 at p. 1-2.

The Commonwealth played Farris's home security footage at trial which showed the break-in.

At the conclusion of trial, the court found Appellant guilty of the above-mentioned charges. On June 22, 2023, the court imposed a sentence of four to eight years' imprisonment for burglary and concurrent sentences for the other offenses. Appellant timely appealed to this Court, and both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal that parrots his 1925(b) statement:

Whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to enable the fact finder to conclude that the

Commonwealth established all of the elements of the offenses beyond a reasonable doubt on all charges?

Appellant's Brief at 7.

Preliminarily, we note that Appellant arguably has waived all objections to the sufficiency of the evidence by failing to identify an element or elements upon which he claims that the evidence is insufficient. *See Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (to preserve challenge to sufficiency of the evidence on appeal, appellant's Rule 1925(b) statement must state with specificity the element or elements upon which appellant alleges that evidence was insufficient; such specificity is of particular importance where appellant was convicted of multiple crimes, each of which contains numerous elements that Commonwealth must prove beyond reasonable doubt). Nonetheless, we decline to find wholesale waiver, since Appellant's brief makes clear that he challenges the sufficiency of the evidence on the ground that the Commonwealth failed to prove he was the perpetrator of the offenses. To the extent Appellant attempts to argue beyond the sufficiency of this single element, those attempts are waived, and we proceed accordingly.

The standard we apply in reviewing the sufficiency of the evidence is

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of

innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017).

With respect to his burglary[1] and theft by unlawful taking[2] convictions, Appellant argues the evidence was insufficient to establish him as the intruder or the person who took 21 firearms from the Farris residence because Mr. Farris, the homeowner, never testified that he saw the intruder without his mask and only identified Appellant as the intruder because of his clothing. Appellant's Brief at 16-17. Appellant further argues that Farris did not mention height, build and/or frame, and there also was no voice recognition. *Id.*

_____

[1] The Crimes Code defines burglary, in relevant part, as follows:

**(a) Offense defined.—** A person commits the offense of burglary if, with the intent to commit a crime therein, the person . . .

**(2)** enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present. . .

18 Pa.C.S.A. § 3502(a)(2).

[2] A person commits the offense of theft by unlawful taking if "he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

- 4 -

Construed in the light most favorable to the Commonwealth, the evidence was sufficient to establish Appellant as the perpetrator to sustain Appellant's conviction for burglary and for theft by unlawful taking. The trial court found Farris's testimony credible, including Farris's positive identification of Appellant as the intruder based upon his lifelong familiarity with Appellant and Appellant's distinctive style of dress. Appellant argues that the evidence was not sufficient to identify him as the burglar because the man in the video was wearing a mask, and the victim mentioned only Appellant's clothing, rather than his build or voice. This is nothing more than a challenge to Farris' credibility. The court found Farris's testimony credible, and we cannot reweigh his credibility when evaluating the sufficiency of the evidence. *Brockman*, 167 A.3d at 38; *see also Commonwealth v. Perrin*, 291 A.3d 337, 345 (Pa. 2023) ("determinations of witness credibility . . . belong to the court as finder of fact").

Appellant cites *Commonwealth v. Farquharson*, 354 A.2d 545 (Pa. 1976), which held that "where evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding." *Id.* at 550. Here, however, the evidence was far from pure conjecture. Farris, who had known Appellant his whole life and had seen him at his home as recently as two months before the robbery, unequivocally identified him as the masked intruder in the video. The trial court assessed Farris's testimony and the video

and determined that his identification was reliable. Thus, **Farquharson** is inapposite. **See Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa. 2004) (rejecting **Farquharson** claim and deferring to factfinder's credibility determination where evidentiary contradictions were "not sufficient to render [witnesses'] testimony mere conjecture or render it unreliable").

Lastly, Appellant challenges his conviction for carrying firearms in public in Philadelphia in violation of Section 6108 of the Uniform Firearms Act.[3] Appellant argues there was no surveillance footage of Appellant walking down the street or on public property with the stolen firearms and that the trial judge made an unreasonable inference, supposedly based upon the totality of the circumstances, that Appellant did, in fact, possess the stolen guns on the streets of Philadelphia. Appellant's Brief at p. 19. In support of this argument, Appellant asserts he was not seen in surveillance footage exiting the rear door of Farris's home as he fled the scene, since the intruder was wearing a mask.

In his roughly two pages of argument on this issue, Appellant once again assails Farris' identification of Appellant as the perpetrator who broke into Farris' home and, among other things, stole 21 firearms. The trial court, as the ultimate finder of fact, found Farris's testimony credible — this included

---

[3] Under 18 Pa.C.S.A. § 6108, a person commits the crime of carrying firearms in public in Philadelphia if he carries a firearm, rifle, or shotgun at any time upon the public streets or upon any public property in the City of Philadelphia, unless he has a license to do so or is exempt from the licensing requirements of the Uniform Firearms Act.

Farris's positive identification of Appellant as the intruder which was based upon his lifelong familiarity with Appellant. The uncontroverted testimony and surveillance footage presented at trial established that Appellant broke into Farris's home through the rear kitchen door. Once inside, Appellant proceeded to the second floor of Farris's home, where he ransacked two bedrooms and looted Farris's gun cabinet. Appellant then walked out of the home with a laundry bag full of stolen firearms. As acknowledged by the trial court, although there was no surveillance footage of Appellant walking down the street or on public property with the stolen firearms, the trial court made a reasonable inference, based upon the totality of the circumstances, that Appellant did, in fact, possess the stolen guns on the streets of Philadelphia. Trial Court Opinion 12/19/23 at p. 6. As Appellant only challenges whether he possessed the stolen firearms, we agree with the trial court that the evidence was sufficient to establish Appellant's identity for his conviction under 18 Pa.C.S.A. § 6108.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/4/2024